1  X-PATENTS, APC
2  JONATHAN HANGARTNER, Cal. Bar No. 196268
   5670 La Jolla Blvd.
3  La Jolla, CA  92037
   Telephone:  858-454-4313
4  Facsimile:  858-454-4314
5  jon@x-patents.com

6  Attorneys for Plaintiff
   Hothand, Inc.

7

8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  HOTHAND, INC.,                Case No.  **'13CV1995 MMANLS**

13              Plaintiff,

                                  **COMPLAINT**
14      v.

15  YP HOLDINGS, LLC,             **JURY TRIAL DEMANDED**

16              Defendant.

17

18

19      Plaintiff Hothand, Inc. ("Hothand") for its complaint against Defendant YP

20  Holdings, LLC ("YP") avers as follows:

21                              **PARTIES**

22      1. Plaintiff Hothand is a California corporation having a place of business at

23  24196 Alicia Parkway, Suite L, Mission Viejo, CA 92691.

24      2. Defendant YP Holdings, LLC is a company with its principal place of business

25  at 2247 Northlake Pkwy, Tucker, GA, 30084.

26

27

28

                                    1

## JURISDICTION

3.  This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq.

4.  This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 & 1338.

5.  This Court has personal jurisdiction over YP because YP purposefully offers and provides the infringing products through established distribution channels into the State of California and the Southern District of California, and operates its business from offices located at 611 North Brand Blvd., Suite 500, Glendale, California 91203.

6.  Venue is proper under 28 U.S.C. §§1391(b) and (c) and 1400(b) because YP offers the infringing products to customers in the Southern District of California and because YP is subject to personal jurisdiction in the Southern District of California.

## BACKGROUND

7.  On April 6, 2010, United States Patent No. 7,693,752 (the '752 patent), on an invention entitled "MOBILE COMMERCE FRAMEWORK," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '752 patent is attached hereto as Exhibit A.

8.  The '752 patent has been in force and effect since its issuance. Hothand is the owner of the entire right, title and interest in and to the '752 patent.

9.  YP has made and distributes to customers throughout the United States various software applications for mobile devices including without limitation an application for the iOS operating system named YPmobile that can be used to subscribe to the YP service to obtain information and offers from merchants by searching based on their physical location and merchant type.

# COUNT I

## (INFRINGEMENT OF THE '752 PATENT)

10. Hothand realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

11. YP has used, offered for sale, sold, and/or imported into the United States products, including at least the YPmobile application, which literally and/or under the doctrine of equivalents infringe one or more claims of the '752 patent in violation of 35 U.S.C. §271.

12. Hothand has been damaged and has suffered irreparable injury due to acts of infringement by YP and will continue to suffer irreparable injury unless YP's activities are enjoined.

13. Hothand has suffered and will continue to suffer substantial damages by reason of YP's acts of patent infringement alleged above, and Hothand is entitled to recover from YP for the damages sustained as a result of YP's acts.

14. YP has willfully and deliberately infringed the '752 patent in disregard of Hothand's rights.

## PRAYER FOR RELIEF

WHEREFORE, Hothand prays that judgment be entered by this Court in its favor and against YP as follows:

A. That YP has infringed the '752 patent;

B. Permanently enjoining and restraining YP, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by YP from further infringing the '752 patent;

C. That YP's infringement of the '752 patent was willful;

    D.    For an award of damages adequate to compensate Hothand for the damages it has suffered as a result of YP's conduct, including pre-judgment interest and a trebling of such damages due to YP's willful infringement;

    E.    That YP be directed to withdraw from distribution all infringing products, whether in the possession of YP or its distributors or retailers, and that all infringing products or materials be impounded or destroyed;

    F.    For monetary damages in an amount according to proof;

    G.    For interest on said damages at the legal rate from and after the date such damages were incurred;

    H.    That this is an exceptional case and for an award of Hothand's attorney fees and costs;

    I.    For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Hothand hereby demands a jury trial as to all issues that are so triable.

Dated: August 27, 2013    X-PATENTS, APC

By:    /s/Jonathan Hangartner
        JONATHAN HANGARTNER

Attorneys for Plaintiff Hothand, Inc.